IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MAHMOOD HEYDARIAN, MD.,

            Plaintiff,

v.                                              CIVIL ACTION NO. 3:14-20013

JPMORGAN CHASE BANK, N.A.
as Successor by Merger with Bank One, N.A.,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant's Motion for Summary Judgment (ECF No. 10) and Plaintiff's Motion to Replace Document (ECF No. 15). For reasons appearing to the Court, Plaintiff's Motion to Replace Document (ECF No. 15) is **GRANTED**. For the reasons set forth below, Defendant's Motion for Summary Judgment (ECF No. 10) is **DENIED**.

**I.    Background**

In August, 2002 Plaintiff Mahmood Heydarian opened two savings accounts for the benefit of his children at Bank One in Huntington, WV. ECF No. 10, Ex. 1; ECF No. 13, Ex. 1. In the first account he deposited $31,765 and in the second he deposited $36,338. In 2013, Plaintiff went to Chase Bank[1] to determine the status of the two accounts. ECF No. 1, Ex. 2. Chase Bank informed Plaintiff that the accounts had been closed in 2004. ECF Nos. 10 & 13. Plaintiff avers that he did not close the accounts in 2004 and did not know until 2013 that the accounts had been closed. ECF No. 13, Ex. 2. Although bank statements and the identity of the person who closed

---

[1] Defendant J.P. Morgan Chase Bank, N.A., is the successor to Bank One.

the accounts are no longer available due to Chase Bank's record retention policy, the bank was able to confirm that the accounts were closed in January, 2004. ECF No. 10, Ex. 1. Plaintiff affirmed that he did not receive a yearly interest statement for either account after January, 2005. ECF No. 13, Ex. 2. Plaintiff also states that he did not receive any monthly interest statements for either account from the time he opened them. *Id.*

Upon learning that the accounts had been closed, Plaintiff filed a seven-count complaint against Defendant on May 28, 2014. The only remaining claim is for breach of contract. Defendant has moved for summary judgment, arguing that Plaintiff filed the instant suit outside the applicable statute of limitations.

## II.   Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23

(1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### III. Discussion

The statute of limitations for a breach of contract claim in West Virginia is ten years. West Virginia Code § 55-2-6. As the West Virginia Supreme Court of Appeals explained in *McKenzie v. Cherry River Coal & Coke Co.*: "We have consistently held that the statute of limitations begins to run when the breach of the contract occurs or when the act breaching the contract becomes known." *McKenzie v. Cherry River Coal & Coke Co.*, 466 S.E.2d 810, 817 (W. Va. 1995). The latter half of this rule is analogous to the discovery rule applicable to tort actions. *See Harris v. Jones*, 550 S.E.2d 93, 98 (W. Va. 2001) (explaining that equitable principles laid out in tort case for applying statutes of limitations are applicable to contract claims). Under the discovery rule, "the statute of limitation begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know" that he has been injured. *Gaither v. City Hosp., Inc.*, 487 S.E.2d 901, 903 (W. Va. 1997). In a contract action, the question is when the plaintiff knew, or reasonably should have recognized, that the contract was breached. *See Harris*, 550 S.E.2d at 98. This determination is usually a factual issue for the jury to decide. *See Gaither*, 487 S.E.2d at 909 ("In a great majority of cases, the issue of whether a claim is barred by the statute of limitations is a question of fact for the jury."); *Harris*, 550 S.E.2d at 98-99.

Here, Plaintiff has raised a genuine issue of material fact as to when he first reasonably could have known of "the act breaching the contract." *See McKenzie*, 466 S.E.2d at 817. Plaintiff filed his complaint on May 28, 2014. Defendant contends that the statute of limitations began to run when the breach allegedly occurred: in January, 2004, when the savings accounts were closed and Plaintiff did not receive his money from the accounts. ECF No. 10.

Alternatively, Defendant argues that it began to run in February, 2004 when Plaintiff would have been owed interest on the accounts but did not receive such interest. *Id.* Under either theory, Plaintiff's complaint in May, 2014 would be outside the 10 year statute of limitations.

Plaintiff responds that he had no actual knowledge of the breach until 2013. ECF No. 13. He argues that a reasonable person would not have known that the accounts were closed until January 2006, when no annual interest statement for 2005 arrived. *Id.* Moreover, Plaintiff contends the earliest he could have conceivably known of the breach was January 2005, when he received his annual interest statement for 2004. *Id.* At that time, he could have realized that the yearly interest was low and could have been alerted that something was amiss. *Id.* Plaintiff maintains that he never received monthly interest statements for the accounts but only annual statements and thus was not put on notice of the breach in February, 2004. *See* ECF No. 10, Ex. 2. If Plaintiff is correct, his complaint was timely filed. When and how often Plaintiff received interest statements are questions of disputed fact. Resolution of these factual issues is necessary to determine whether Plaintiff filed his complaint within the applicable statute of limitations. Accordingly, summary judgment is not appropriate.[2]

## Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Summary Judgment (ECF No. 10) and GRANTS Plaintiff's Motion to Replace Document (ECF No. 15). The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

---

[2] In its reply, Defendant also contends that Plaintiff has not demonstrated that the bank actually misplaced funds or breached the account agreement. ECF No. 17. Defendant failed to raise this issue in its motion for summary judgment and Plaintiff has not had the opportunity to respond to Defendant's contentions. *See* ECF No. 10. Accordingly, the Court will not address the merits of this last minute argument.

ENTER: May 8, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE